UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIS MILLER,

        Plaintiff,

v.                          Case No. 3:21-cv-832-BJD-MCR

SGT. WILLIS, et al.,

        Defendants.
_____

# ORDER

Plaintiff, Willis Miller, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (IFP) (Doc. 2).[1] Plaintiff names seven Defendants: six officers of different rank, and a doctor. See Compl. at 2-5. Asserting violations of the Eighth and Fourteenth Amendments, Plaintiff alleges Officers Willis, Lavoid, Hlasey, Dyres, and Bassermorn used excessive force against him at Florida State Prison on February 9, 2018. Id. at 19-21. Plaintiff contends the injuries he sustained "required immediate medical and outside hospital treatment, surgery, and care." Id. at 21.

---

[1] Plaintiff's motion to proceed IFP was granted. See Order (Doc. 4).

The Prison Litigation Reform Act (PLRA) requires a district court to review prisoner filings and dismiss a complaint or any portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally

construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Under this Court's screening obligation, Plaintiff's claims against Officer Gerow and Dr. Espino are due to be dismissed. First, Plaintiff asserts absolutely no factual allegations against Officer Gerow. Plaintiff does not allege Officer Gerow participated in the use-of-force incident or was present for it. It appears Plaintiff may have added this officer to the list of Defendants in error.

Second, Plaintiff fails to state a plausible deliberate indifference claim against Dr. Espino. Plaintiff asserts Dr. Espino "failed to provide proper post force medical care for [him]" and falsified documents in Plaintiff's medical file, which placed Plaintiff at risk of harm. See Compl. at 8, 11, 13. However, Plaintiff fails to explain how Dr. Espino provided inadequate medical care or how any errors in Plaintiff's medical file caused him harm. Such conclusory allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. See Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

Not only are Plaintiff's allegations conclusory, but he concedes he received "immediate medical" attention, see Compl. at 21, and he includes medical documents with his complaint (Docs. 1-1 through 1-5, 1-9, and 1-11) confirming as much. Additionally, Plaintiff explains in grievance records he provides with his complaint (Doc. 1-6; Pl. Ex. F) that he was hospitalized, had a blood transfusion, and "had to go thr[ough] therapy." See Pl. Ex. F at 5, 6. It appears the only treatment Plaintiff did not receive is a surgery he refused because he did not want to be put to sleep. Id. at 1, 5.

Plaintiff's own allegations and documentation show he received medical care following the alleged incident. When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. "Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Plaintiff does not allege facts permitting the reasonable

4

inference Dr. Espino provided medical care that was "so grossly incompetent … as to shock the conscience." Harris, 941 F.2d at 1505.

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Defendants Gerow and Espino are **DISMISSED without prejudice**. The **Clerk** shall terminate these Defendants as parties to the action.

2. The Court will direct service of process on the remaining Defendants by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of September 2021.

BRIAN J. DAVIS
United States District Judge

Jax-6
c: Willis Miller