UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIS MILLER,

                Plaintiff,

v.                                         Case No. 3:21-cv-832-BJD-MCR

SGT. WILLIS, et al.,

                Defendants.

_____

## ORDER

### I. Status

Plaintiff, Willis Miller, an inmate of the Florida Department of Corrections (FDOC), is proceeding *pro se* and *in forma pauperis* on an amended complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 12; Am. Compl.). Plaintiff sues six officers based on an incident that occurred at Florida State Prison (FSP) on February 9, 2018. Am. Compl. at 1-3, 7. Plaintiff alleges Defendants unlawfully beat him, or failed to intervene in the beating, while he was "fully restrained." *Id.* at 10-11. He contends he suffered serious injuries that required treatment at an outside hospital. *Id.* at 12. As relief, he seeks nominal, compensatory, and punitive damages and injunctive relief. *Id.* at 13-14.

Five Defendants have been served and move to dismiss the complaint: Lavoie (spelled "Lavoia" on the docket); Halsey (spelled "Hlasey" on the docket); Willis; Walin; and Dykes (Doc. 36; Def. Mot.).[1] Defendant Bosserman (spelled "Bassermorn" on the docket) has not been served. This Defendant no longer works for the FDOC and efforts to serve him at his last known address have failed. *See* Orders (Docs. 25, 32). The Court ordered Plaintiff to show cause why Bosserman should not be dismissed. *See* Order (Doc. 32). Plaintiff responded to the order (Doc. 44), but he only reiterates that Defendant Bosserman, along with the other Defendants, allegedly violated his constitutional rights; he does not address the inability to locate this Defendant for service. As such, any claims against Defendant Bosserman are due to be dismissed without prejudice for Plaintiff's failure to serve him within the time prescribed under Rule 4(m) of the Federal Rules of Civil Procedure.[2]

Defendants Lavoie, Halsey, Willis, Walin, and Dykes seek dismissal on two grounds: (1) under the Prison Litigation Reform Act (PLRA), Plaintiff

---

[1] Defendants Lavoie, Halsey, and Willis filed the substantive motion (Doc. 36), and Defendants Walin and Dykes filed a "Notice of Adoption" (Doc. 57).

[2] In his complaint, Plaintiff alleges Defendants Willis and Bosserman were escorting him to a disciplinary hearing when Defendant Willis began taunting him, precipitating his conduct that led to officers using force against him. Am. Compl. at 7. According to incident reports Plaintiff provides with one of his filings (Doc. 61-3), however, no officer with the last name Bosserman was involved in the use-of-force incident that is the subject of Plaintiff's complaint. *See* Doc. 61-3 at 1-2.

failed to exhaust his administrative remedies; and (2) under the Eleventh Amendment, they are immune from suit as to any claims against them in their official capacities for damages. *See* Def. Mot. at 4, 10. In support of their exhaustion defense, Defendants provide copies of grievances (formal, informal, and appeals) Plaintiff filed between the date of the incident, February 9, 2018, and August 30, 2018, with corresponding grievance logs (Docs. 36-1 through 36-3; Def. Exs. A-C).

To rebut Defendants' exhaustion defense, Plaintiff filed numerous responses and notices, some with exhibits (Docs. 46, 47, 48, 59, 61, 63).[3] Only two such filings will be addressed as relevant and helpful to the exhaustion analysis (Doc. 46; Pl. Resp.) (Doc. 61; Pl. Resp. Supp.). Plaintiff does not oppose Defendants' motion insofar as they seek dismissal of any claims against them in their official capacities for damages. *See generally* Pl. Resp.; Pl. Resp. Supp.

When a plaintiff sues a state actor in his official capacity, "the action is in essence one for the recovery of money from the state." *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). As such, "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit

---

[3] Given Plaintiff's *pro se* status, and having received no objection from Defendants, the Court will consider all of Plaintiff's filings. The Court cautions Plaintiff, however, that, in the future, he may not file multiple responses to a motion without the Court's permission.

3

even though individual officials are nominal defendants." *Id.* To the extent Plaintiff seeks compensatory damages from Defendants in their official capacities, they are entitled to Eleventh Amendment immunity, and their motion is due to be granted in part as to that argument.

## II. Exhaustion

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). *See also Jones v. Bock*, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" *Woodford v. Ngo*, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (citing *Jones*, 549 U.S. at 211). Nevertheless, prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." *See Jones*, 549 U.S. at 216.

Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies. *Woodford*, 548 U.S. at 93. As such, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"

*Id.* Generally, to properly exhaust administrative remedies, a Florida prisoner must timely complete a three-step process as fully set forth in the Florida Administrative Code (FAC). *See* Fla. Admin. Code rr. 33-103.001 through 33-103.018. Except for specific, enumerated issues, a prisoner generally must initiate the grievance process at the first step by filing an informal grievance within "20 days of when the incident or action being grieved occurred." *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.011(1)(a).

If an informal grievance is denied, a prisoner must proceed to the second step of the process by filing a formal grievance at the institution level within 15 days from "[t]he date on which the informal grievance was responded to." *See* Fla. Admin. Code rr. 33-103.006(1), 33-103.011(1)(b). The third and final step of the grievance process requires a prisoner to submit an appeal to the Office of the Secretary of the FDOC within 15 days "from the date the response to the formal grievance [was] returned to the inmate." *See* Fla. Admin. Code rr. 33-103.007(1), 33-103.011(1)(c).

A prisoner may bypass the first step of the process when complaining about or seeking assistance related to an emergency, disciplinary action, a reprisal, bank issues, medical needs, gain time, placement in close management, accommodations for disabilities, the return of incoming mail, or sexual abuse. *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.006(3). A prisoner

5

may bypass both the first and second steps of the process and "proceed directly to the Office of the Secretary" on an issue related to an emergency, a reprisal, protective management, reading material, sentence structure (such as release date), or the prisoner's inmate bank account. *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.007(3).

If a prisoner submits a grievance that does not comply with the grievance process because it is late, filed at the wrong step, or is otherwise infirm, but the grievance is processed and substantively addressed, prison officials may not later challenge exhaustion on those procedural grounds. *See, e.g., Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1215 (11th Cir. 2015) (agreeing with other circuits and holding "a procedural flaw ignored by a prison cannot later be resurrected . . . to defeat exhaustion"). In other words, in ruling on an exhaustion defense, a court may not enforce a procedural rule that prison officials themselves ignored when processing a grievance. *Id.*

When confronted with an exhaustion defense, courts in the Eleventh Circuit employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. . . . Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

6

*Id.* at 1209 (citing *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008)). Because failure to exhaust is an affirmative defense, the defendant bears the burden. *Turner*, 541 F.3d at 1082.

Defendants contend Plaintiff did not "file any grievances regarding the incident," but they narrowed the timeframe of their search to a six-month period: February 9, 2018, through August 30, 2018. Def. Mot. at 9. Over these six months, Plaintiff did not in fact file any grievances about the subject incident. *See generally* Def. Exs. A-C. In his responses, Plaintiff contends he did exhaust his administrative remedies by filing grievances in 2020 and 2021. *See* Pl. Resp. at 1-2; Pl. Resp. Supp. at 2.[4] Under the first step of the *Turner* analysis, the Court accepts as true that Plaintiff exhausted his administrative remedies.

Under the second step of the *Turner* analysis, the Court considers two grievances Plaintiff provides as evidence that he exhausted his administrative remedies. Plaintiff filed an informal grievance on April 20, 2020 (Doc. 46-1; Pl. Resp. Ex. A). That grievance was denied. *See* Pl. Resp. Ex. A at 1. Plaintiff does

---

[4] In some of his filings, one of which he titled a motion (Doc. 63), Plaintiff asks the Court to direct the FDOC to send to the Court copies of grievances he filed in 2020 and 2021. This request will be denied.

not allege or show that he proceeded to the next step of the grievance process.[5] As such, this grievance does not demonstrate Plaintiff exhausted his administrative remedies.

Plaintiff filed a formal grievance at Union Correctional Institution on October 8, 2018 (Doc. 61-1; Pl. Resp. Supp. Ex. A). In that grievance, Plaintiff complained about having been abused by officers "[b]ack in March 2018." *See* Pl. Resp. Supp. Ex. A at 1. The incident that is the subject of Plaintiff's complaint occurred on February 9, 2018. *See* Am. Compl. at 7. Considering what Plaintiff complains about in his October 8, 2018 grievance, it appears the reference to "March" was a mistake. For instance, he reported that he was "jumped on by officers" at FSP, which resulted in him being "hospitalized" and caused him to "lose some of his memory." *See* Pl. Resp. Supp. Ex. A at 1.

The October 8, 2018 grievance was procedurally defective under the FAC because it was filed late, and the issue complained of (staff abuse) should have been submitted through an informal grievance. However, the warden's office processed the grievance and substantively addressed it. *See id.* at 2. Indeed, the grievance was "approved." *Id.* Accordingly, the Court may not resurrect

---

[5] In the informal grievance, Plaintiff complained about the February 9, 2018 incident at FSP, saying it left him unconscious and with a broken nose and other injuries. *See* Pl. Resp. Ex. A. at 1. A prison official noted the incident had been assigned an investigation number by the Office of the Inspector General (case number 18-03045).

any procedural deficiencies to defeat exhaustion. *See Whatley*, 802 F.3d at 1215.

The Court finds Defendants fail to carry their burden to show Plaintiff did not exhaust his administrative remedies. Plaintiff complained about the subject incident through a grievance that was processed and approved. As such, Defendants' motion is due to be denied in part as to exhaustion.

Accordingly, it is

**ORDERED:**

1.   Defendants' motion to dismiss (Doc. 36) is **GRANTED in part** and **DENIED in part** as stated in this Order.

2.   The claims against Defendant Bosserman are **DISMISSED without prejudice** for Plaintiff's failure to timely serve this Defendant. *See* Fed. R. Civ. P. 4(m). *See also* Order (Doc. 32). The **Clerk** is directed to terminate Defendant Bosserman as a party to this action.

3.   Plaintiff's motion (Doc. 63) is **DENIED**.

4.   Defendants Lavoie, Halsey, Willis, Walin, and Dykes must **answer** the amended complaint (Doc. 12) within **twenty days** of the date of this Order.

5. The Court directs the **Clerk** to correct the docket to reflect the proper spelling of Defendants' last names as follows: **Lavoie** (instead of Lavoia), **Halsey** (instead of Hlasey), and **Bosserman** (instead of Bassermorn).

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of February 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Willis Miller, #130949
       Counsel of Record

10